# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

In re:

S.H.S. RESORT, LLC           Case No.: 8:10-bk-25886-MGW
                                                 Chapter 11 Case
                                                 EMERGENCY RELIEF REQUESTED

      Debtor.
_____/

## EMERGENCY MOTION FOR AUTHORITY
## TO OBTAIN POST-PETITION FINANCING

S.R.S. Resort, LLC, ("SRS" or "Debtor," as appropriate), by and through its undersigned counsel, pursuant to 11 U.S.C. § 364(b), (c) and (d), 11 U.S.C. § 901, Rule 4001(c) of the Federal Rules of Bankruptcy Procedure and Rule 1007-2(b) of the Local Rules for the United States Bankruptcy Court for the Middle District of Florida, files this, its Emergency Motion for Authority to Obtain Post-Petition Financing ("Motion to Obtain Financing") and, in support thereof, states as follows:

      1.        On October 28, 2010, SHS filed its voluntary petition under Chapter 11 of Title 11 of the United States Code ("Petition Date").

      2.        The Debtor does business as the Safety Harbor Resort and Spa and is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

      3.        To avoid unnecessary and duplicative pleading, the Debtor incorporates by reference the background facts set forth in the Debtor's Chapter 11 Case Management Summary for S.H.S. Resort, LLC (Doc. 7).

**Relief Requested**

1.	As a result of the financial circumstances outlined in the Debtor's Chapter 11 Case Management Summary, the Debtor is in need of additional borrowings in order to maximize the value of the Estate and the ultimate return to creditors.

2.	SHS requires this Court's approval of two post-petition credit facilities requested herein, on the terms outlined herein ("First Credit Facility," "Second Credit Facility," and, collectively, "Credit Facilities"), in order to fund operations and make capital improvements on a move forward basis.

3.	The Debtor requests this Court's approval of its obtaining the Credit Facilities from Olympia Development Group, Inc., which is an insider of the Debtor ("Olympia" or "Lender," as appropriate). A true and correct copy of the complete term sheet for the First Credit Facility is attached hereto as **Exhibit "A"**; a true and correct copy of the complete term sheet for the Second Credit Facility is attached hereto as **Exhibit "B".**

4.	The First Credit Facility proposes an unsecured line of credit intended to fund operational shortfalls which shall consist of the following essential terms:

    A.	Maximum loan amount is $1,500,000.00.
    B.	Interest rate is 5.75% per annum, to be paid monthly in arrears.
    C.	Loan term is 36 months; interest only due monthly for the life of the loan, with a balloon payment of all principal due at the conclusion of the loan term.
    D.	Lender to receive administrative priority pursuant to 11 U.S.C. § 364(b) for all funds advanced.

5.	The Second Credit Facility shall fund capital expenditures and be secured by a priming lien on the Debtor's assets, and shall consist of the following essential terms:

    A.	Maximum loan amount is $1,500,000.00.
    B.	Interest rate is 5.75% per annum, to be paid monthly in arrears.

  C. Loan term is 36 months; interest only due monthly for the life of the loan, with a balloon payment of all principal due at the conclusion of the loan term.

  D. Lender to receive priming lien on Debtor's real and personal property pursuant to 11 U.S.C. § 364(c)(1) and (d)(1) for all funds advanced.

**Basis for Relief**

6. Pursuant to FRBP 4001, the Court may authorize the obtaining of credit, on an emergency basis, to the extent necessary to avoid immediate and irreparable harm to the Debtor pending a final hearing.

7. The Debtor respectfully submits that it needs the Credit Facilities in order to continue its operations and make needed capital improvements which will add value to the Debtor's operations, and thereby facilitate its chances of a successful restructuring of its debts for the benefit of all of its creditors.

8. Accordingly, the Credit Facilities are needed in order to avoid immediate and irreparable harm to the Debtor and its creditors.

9. Additionally, the Debtor has determined that it is in the best interest of the Debtor and all of its creditors to obtain financing from Olympia, which is willing to lend to the Debtor on more favorable terms than any third party lender would be willing to offer.

10. Simply stated, in this market the Debtor could not obtain loan financing at the rates and on the terms offered by Olympia from any other lenders.

11. Olympia will be adequately protected under the proposed Credit Facilities.

12. The Debtor reserves the right to modify this Motion to Obtain Credit until this Court rules on the relief requested in this Motion to Obtain Financing.

WHEREFORE, the Debtor respectfully requests that this Court enter an Order Granting this Motion to Obtain Financing, providing for the Debtor to obtain credit by and through Olympia on the terms set forth herein, and granting such other and further relief as this Court deems just and appropriate.

DATED this 29th day of October, 2010.

                              **SHUMAKER, LOOP & KENDRICK, LLP**

                              /s/ Hugo S. deBeaubien
                              **STEVEN M. BERMAN, ESQ.**
                              Florida Bar No. 856290
                              sberman@slk-law.com
                              **HUGO S. deBEAUBIEN, ESQ.**
                              Florida Bar No. 058100
                              101 E. Kennedy Blvd., Suite 2800
                              Tampa, FL 33602
                              Phone: 813-229-7600
                              Fax: 813-229-1660
                              *Counsel for S.H.S. Resort, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing **Debtor's Emergency Motion for Authority to Obtain Post-Petition Financing** was served on October 29, 2010, via CM/ECF Electronic Notice or US Mail on: **Wells Fargo Bank, N.A.,** c/o Hywel Leonard, Esq., 4221 W. Boy Scout Road, Suite 1000, Tampa, FL 33601; **Office of the United States Trustee**, 501 E. Polk St, Suite 1200, Tampa, FL 33602; and **20 Largest Unsecured Creditors** as indicated on the attached Matrix.

                              /s/ Hugo S. deBeaubien
                              **Attorney**