**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

In re:

S.H.S. RESORT, LLC             Case No.: 8:10-bk-25886-MGW
                                                        Chapter 11 Case
                                                        EMERGENCY RELIEF REQUESTED

     Debtor.
_____/

**EMERGENCY MOTION FOR APPROVAL OF**
**INSURANCE PREMIUM FINANCE AGREEMENT**

       S.H.S Resort, LLC, ("S.H.S." or the "Debtor" as appropriate) by and through its undersigned counsel, hereby makes its Emergency Motion for Approval of Insurance Premium Finance Agreement, and in support thereof, states as follows:

       1.      On October 28, 2010, the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Petition Date").

       2.      The Debtor is a Limited Liability Corporation that is operating its business and managing its financial affairs as Debtor-in-Possession. No Trustee, examiner or committee of unsecured creditors has been appointed to serve in this reorganization case.

       3.      The Debtor is operating from its facilities in Pinellas County, Florida. The Debtor provides spa and hotel services.

       4.      The Debtor currently employs approximately 210 people while operating its business in the normal course.

       5.      The Debtor is required to maintain adequate insurance coverage.

       6.      The Debtor is prepared to execute a Premium Finance Agreement and Disclosure Statement with First Insurance Funding Corp. ("FIFC") for the financing of the Debtor's Property and Liability insurance coverage upon court approval. A copy of the Premium Finance

Agreement is attached hereto as **Exhibit A**.

7. Pursuant to the Insurance Premium Finance Agreement, FIFC will provide financing to Debtor for the purchase of various insurance policies providing, among other things, coverage essential for the operation of Debtor's business (the "Policies"). Under the Insurance Premium Finance Agreement, the amount financed is $194,219.66. By virtue of the Insurance Premium Finance Agreement, Debtor will become obligated to pay to FIFC the sum of $197,348.58 in nine (9) monthly installments of $21,927.62 each. The first payment under the Insurance Premium Finance Agreement is due on May 15, 2011, and the subsequent payments are due on or about the 15th of each succeeding month. As collateral to secure the repayment of the indebtedness due under the Insurance Premium Finance Agreement, Debtor is granting FIFC a security interest in, among other things, the unearned premiums of the Policies. The Insurance Premium Finance Agreement provides that the law of Illinois governs the transaction.

8. Pursuant to the terms of the Insurance Premium Finance Agreement, Debtor is appointing FIFC as its attorney-in-fact with the irrevocable power to cancel the policies and collect the unearned premium in the event Debtor is in default of its obligations under the Insurance Premium Finance Agreement.

9. The Debtor believes that the terms of the Premium Finance Agreement is commercially fair and reasonable. Without insurance or a lapse in insurance coverage, the Debtor would be forced to cease operations.

10. Debtor and FIFC have reached an agreement that the adequate protection appropriate for this situation would be as follows:

a) Debtor be authorized and directed to timely make all payments due under the Insurance Premium Finance Agreement and FIFC be authorized to receive and apply such payments to the indebtedness owed by Debtor to FIFC as provided in the Insurance Premium Finance Agreement.

b) If Debtor does not make any of the payments due under the Insurance Premium Finance Agreement as they become due, the automatic stay shall automatically lift to enable FIFC and/or third parties, including insurance companies providing the coverage under the Policies, to take all steps necessary and appropriate to cancel the Policies, collect the collateral and apply such collateral to the indebtedness owed to FIFC by the Debtor. In exercising such rights, FIFC and/or third parties shall comply with the notice and other relevant provisions of the Insurance Premium Finance Agreement.

WHEREFORE, the Debtor, S.H.S. Resort, LLC, respectfully requests the entry of an Order authorizing it to enter into the Insurance Premium Finance Agreement with FIFC and the Debtor and FIFC be authorized and directed to take all actions necessary or appropriate to affect said agreement and for such other and further relief as this Court deems just and appropriate.

DATED this 19th day of April, 2011.

**SHUMAKER, LOOP & KENDRICK, LLP**

/s/ Hugo S. deBeaubien
**STEVEN M. BERMAN, ESQ.**
Florida Bar No. 856290
sberman@slk-law.com
**HUGO S. deBEAUBIEN, ESQ**
Florida Bar No. 058100
bdebeaubien@slk-law.com
101 E. Kennedy Blvd., Suite 2800
Tampa, FL 33602
Phone: 813-229-7600
Fax: 813-229-1660
*Counsel for S.H.S. Resort, LLC*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing **Emergency Motion for Approval of Insurance Premium Finance Agreement** has been furnished on April 19, 2011, via Electronic Noticing or Regular U.S. Mail to: **Office of the United States Trustee**, 501 E. Polk Street, Suite 1200, Tampa, FL 33602; and on April 15, 2011, via U.S. Mail to **All Creditors and Parties in Interest** on the Local Rule 1007-2 matrix.

/s/ Hugo S. deBeaubien
**HUGO S. deBEAUBIEN, ESQ**