UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

S.H.S. RESORT, LLC                    Case No.: 8:10-bk-25886-MGW
                                       Chapter 11 Case

    Debtor.
_____/

AMENDED MOTION FOR ENTRY OF AN ORDER
AUTHORIZING SALE OF REAL PROPERTY FREE
AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES

S.H.S. Resort, LLC ("Debtor"), by and through its undersigned counsel and pursuant to 11 U.S.C. §§ 105, 363 and 1129 and other applicable law, hereby files this, its Amended Motion for Entry of an Order Authorizing Sale of Real Property Free and Clear of all Liens, Claims, and Encumbrances ("Amended Motion") and, in support, states:

*JURISDICTION AND VENUE*

1. This Court has jurisdiction to entertain this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. Consideration of this Amended Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The statutory predicates for the relief sought in this Motion include – without limitation - 11 U.S.C. §§ 105, 363, 365 and 1127 of the Bankruptcy Code (the "Code"), and Rules 2002(a)(2), 6004, 6006 and 9013 of the Federal Rules of Bankruptcy Procedure (generally, a "Rule" or the "Rules").

## PROCEDURAL BACKGROUND

3.  The Debtor filed its petition for relief pursuant to Chapter 11 of Title 11 of the United States Code on or about October 28, 2010 ("Petition Date").

4.  Pursuant to 11 U.S.C. § 541, this estate is owner of that certain real property located at 105 N. Bayshore Dr., Safety Harbor, FL 34695 (the "Resort"), located near the Safety Harbor Spa, City of Safety Harbor, Pinellas County, Florida ("Property").

5.  Despite representations to the contrary in its original Motion to Sell, the Debtor does *not* intend to file an Application to Employ Real Estate Broker Pursuant to 11 U.S.C. § 327 seeking authorization for the Debtor to employ Omega Realty and Development Co. ("Omega") as real estate broker for its services to advertise, market, negotiate and coordinate the closing of the sale of the Debtor's interests in the Property, as Omega, which is an affiliate of the Debtor, does not intend to seek reimbursement for its brokerage services rendered to the Debtor for the contemplated sale.

6.  The Resort, including the Property, is subject to a mortgage held by German American Capital Corporation ("GACC") in the original principal amount of $29,700,000.00 ("Mortgage"). The Resort, including the Property, was collectively valued at $13,857,816.67 pursuant to this Court's Agreed Order on Motion to Value Collateral of Wells Fargo Bank, N.A. (Doc. 118). Accordingly, GACC's lien is, for purposes of this Amended Motion as well as the confirmation of the Debtor's Chapter 11 Plan, is fixed at $13,857,816.67.

7.  The Property may also be subject to the liens and claims of other entities, including taxing authorities, tax lien certificate holders and the City of Safety Harbor (collectively, "Lien Holders").

8. On or about March 9, 2011, the Debtor entered into a contract for the sale of a portion of the Property ("First Contract") to Investment Properties Revocable Trust ("IPRT").

9. The IPRT agreed to pay Two Million Eight Hundred Thousand and 00/100 Dollars ($ 2,800,000.00) for the portion of the Property proposed to be sold to IPRT. A true and correct copy of the First Contract is attached hereto as **Exhibit "A".**

10. On or about April 21, 2011, the City of Safety Harbor ("City") provided a letter of Intent to purchase a portion of the Property ("LOI") and on or about May 20, 2011, the City executed a contract for the sale of a portion of the Property ("Second Contract") consistent with the LOI.

11. The City agreed to pay $4,042,150.20 for the portion of the Property to be sold to the City, if it excludes the 1.5 acre parcel of the Property proposed to be retained by the Debtor and $4,952,989.80 for the portion of the Property to be sold to the City, if it includes the 1.5 acres parcel of the Property discussed above. A true and correct copy of the Second Contract is attached hereto as **Exhibit "B".**

12. Both the First Contract and the Second Contract provide that the Debtor's obligation to close is contingent upon this Court approving the respective Contract and the sale of such portion of the Property free and clear of liens, claims and encumbrances (the "Sale").

13. Note that the portion of the Property to be sold under the First Contract and the Second Contract are not identical; while there is significant overlap between the portion of the Property to be sold in each case, IPRT is proposing to purchase 4.75 upland acres and 1.8 wetland acres under the First Contract, whereas the City is proposing to purchase: (i) 8.9 upland

acres, excluding the 1.5 acre parcel (or 10.4 upland acres including the 1.5 acre parcel) and (ii) 6.6 wetland acres under the Second Contract.

*RELIEF REQUESTED*

14. By and through this Amended Motion, the Debtor seeks the entry of an Order approving either the First Contract or the Second Contract, and authorizing the Sale free and clear of all liens, claims, encumbrances and other interests, directing the Debtor (Reorganized Debtor) to consummate the approved First or Second Contract, finding such purchaser to be a good faith purchaser within the meaning and effect of 11 U.S.C. §363(m) and granting such other and further relief as this Court deems just and appropriate. This Amended Motion further seeks this Court's determination that the subject sale is being approved as part of a confirmed Chapter 11 Plan within the meaning and effect of 11 U.S.C. §1146.

*BASES FOR RELIEF*

15. Section 363(b)(1) provides that the "trustee[1], after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. §363(b)(1).

16. Bankruptcy Courts usually defer to the business judgment of a debtor in deciding whether or not to authorize a debtor to sell property outside the ordinary course of business. See e.g., In re Continental Airlines, Inc., 780 F.2d 1223 (5th Cir. 1986); In re Lionel Corp., 722 F.2d 1063, 1071 (2nd Cir. 1983); In re Mason's Nursing Center, Inc., 73 BAR. 360, 362 (Bankr. S.D. Fla. 1987).

---

[1] In this context, the Debtor is impressed with the rights and powers of a Trustee pursuant to Section 1107(a) of the Code.

17. In considering whether a debtor is justified in selling assets outside the ordinary course of business, Bankruptcy courts consider four factors, whether: (1) a sound business reason or emergency justifies a pre-confirmation sale; (2) adequate and reasonable notice of the sale was provided to interested parties; (3) the sale has been proposed in good faith; and (4) the purchase price is fair and reasonable.

18. The Debtor, through the exercise of its business judgment, has determined that the Sale is in the best interests of its estate, GACC, Lien Holders, and all creditors.

19. The Debtor has determined that the proposed purchase prices offered by both the IPRT and the City are unlikely to be matched or exceeded, are both reasonable, and accordingly represent fair market value for the Property.

20. The First Contract and Second Contract were both negotiated in good faith and at arm's length between the Debtor and the IPRT and the City, respectively.

21. The Debtor believes that it has used reasonable efforts in seeking a purchaser, and that the Sale, under either the First Contract or Second Contract, is reasonable.

22. In actuality, all parties will benefit by the Sale. The proposed Sale reduces the balance owed to GACC, which is undersecured, and monetizes a portion of the asset, protecting the parties from further deterioration in value. It is very difficult to find prospective purchasers for undeveloped property in the current economic climate and even more difficult to find a purchaser that is willing to pay at or above market value. Furthermore, property values have continued to decrease significantly over the past several years, and there is no indication of when this decline will end.

23. For all the reasons set forth above, the Debtor believes that the Sale, under either the First Contract or Second Contract, is reasonable under the circumstances and in the best interests of the estate, GACC, Lien Holders, and all creditors.

24. A copy of this Amended Motion including the attached exhibit is being sent via regular or electronic mail to (i) counsel for GACC, (ii) counsel for IPRT, (iii) counsel for the City, (iv) the Office of the United States Trustee and (v) Interested Parties on the Local Rule 1007 matrix. It is also being filed with the EM/ECF system and will be served on all parties entitled to notice via that service and by regular mail on all other parties. The Debtor hereby requests that the Court find that the foregoing notice of this Amended Motion is adequate and sufficient and complies with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Rules of this Court.

**WHEREFORE**, the Debtor respectfully requests that this Court enter an Order approving either the First Contract or the Second Contract free and clear of all liens, claims, encumbrances and other interest, finding the sale is to a good faith purchaser, finding the sale is being brought pursuant to a confirmed Chapter 11 Plan, authorizing and directing the Sale to be consummated, and for any other and further relief as is just and appropriate.

Respectfully submitted,

**SHUMAKER, LOOP & KENDRICK, LLP**

/s/ Steven M. Berman
**STEVEN M. BERMAN, ESQ.**
Florida Bar No. 856290
sberman@slk-law.com
**HUGO S. DEBEAUBIEN, ESQ.**
Florida Bar No. 058100
bdebeaubien@slk-law.com
101 E. Kennedy Blvd., Suite 2800

Phone (813) 229-7600  
Facsimile (813) 229-1660  
*Attorneys for the Debtor*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on May 20, 2011, the foregoing **Amended Motion for an Order Authorizing Sale of Real Property Free and Clear of Liens, Claims and Encumbrances** was filed with the Court via CM/ECF on all parties on the attached service list and served via US Mail on May 23, 2011 on those parties not served via CM/ECF.

/s/ Steven M. Berman  
**Attorney**